UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
JAMES NICHOLS,

                              Plaintiff,

          -v-                                         5:10-CV-776

FREDERICK J. HANNA & ASSOCIATES, PC,

                              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                          OF COUNSEL:

WEISBERG, MEYERS LAW FIRM             DENNIS R. KURZ, ESQ.
Attorneys for the Plaintiff
5025 North Central Avenue #602
Phoenix, AZ 85012

PHILLIPS, LYTLE LAW FIRM              ROBERT L. LASH, ESQ.
Attorneys for the Defendant
3400 HSBC Center
Buffalo, NY 14203

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

          Plaintiff James Nichols ("plaintiff" or "Nichols") commenced this action pursuant to

the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692(p).  Plaintiff

alleges that defendant violated § 1692e(3) by mailing a debt collection letter (also referred to

as a "dunning letter"), written on law firm letterhead, to plaintiff's New York residence—thus

implying that defendant could take legal action against plaintiff when, in fact, no member of

defendant's firm was licensed to practice law in New York.  Plaintiff seeks declaratory and

monetary relief pursuant to § 1692(k).  Defendant has moved for dismissal pursuant to

Federal Rule of Civil Procedure 12(b)(6).  Defendant claims that it is not a violation of

§ 1692e(3) for an out-of-state attorney to mail a dunning letter on law firm letterhead and

maintains that § 1692e(3) merely prohibits non-attorneys from falsely representing that they

are attorneys.  Plaintiff opposes the motion to dismiss and cross moves for leave to amend

the complaint pursuant to Federal Rule of Civil Procedure 15 to add a claim that defendant

also violated § 1692e(5).

## II.  FACTUAL BACKGROUND

The following facts, gleaned from the complaint, are accepted as true for the

purposes of this motion to dismiss.  See Cooper v. Pate, 378 U.S. 546, 546, 84 S. Ct. 1733,

1734 (1964).

Nichols, a resident of Syracuse, New York, owed a debt to a creditor other than

defendant.  On May 5, 2010, defendant mailed a debt collection letter to plaintiff.  This letter

was written on defendant's legal letterhead, which included an office address in Georgia, and

indicated that defendant represented the creditor to which plaintiff owed a debt.  Nichols

maintains that this communication was misleading in that it suggested defendant had the

ability to take legal action against him in New York.  However, no attorney in defendant's firm

was licensed to practice law in New York, and no New York attorney had been retained by

defendant for the purpose of pursuing legal remedies against plaintiff at the time the letter

was sent.

## III.  DISCUSSION

### A.  Motion to Dismiss Standard

To survive a 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to

raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S.

- 2 -

544, 555, 127 S. Ct. 1955, 1965 (2007).  Although a complaint need only contain "a short

and plain statement of the claim showing the pleader is entitled to relief" (Fed. R. Civ. P.

8(a)(2)), more than mere conclusions are required.  Indeed, "[w]hile legal conclusions can

provide the framework of a complaint, they must be supported by factual allegations."

Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1950 (2009).

Dismissal is appropriate only where plaintiff has failed to provide some basis for the

allegations that support the elements of his claims.  See Twombly, 550 U.S. at 570, 127 S.

Ct. at 1974 (requiring "only enough facts to state a claim to relief that is plausible on its

face").  When considering a motion to dismiss, the complaint is to be construed liberally, and

all reasonable inferences must be drawn in the plaintiff's favor.  Chambers v. Time Warner,

Inc., 282 F.3d 147, 152 (2d Cir. 2002).

## B.  Section 1692e(3) Claim

Plaintiff argues that the May 5, 2010, letter violated  § 1692e(3) because it falsely

implied that defendant was licensed to practice law in New York.[1]  Defendant asserts that

§ 1692e(3) merely prohibits non-lawyers from falsely claiming to be lawyers.  Defendant is

correct.

The FDCPA broadly prohibits the use of "any false, deceptive, or misleading

representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.

---

[1] Plaintiff does not argue that the letter misrepresented the level of meaningful attorney involvement in violation of § 1692e(3).  Indeed, such a claim would fail as the letter included the following disclaimer: "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due."  The Second Circuit has held that this exact language would lead even the least sophisticated consumer "to understand that no attorney had yet evaluated his or her case, or made recommendation regarding the validity of the creditor's claims." Greco v. Trauner, Cohen & Thomas, LLP, 412 F.3d 360, 365 (2d Cir. 2005) (holding that such communication did not misrepresent the level of attorney involvement in violation of § 1692e(3)).

Section 1692e(3), stated in its entirety, proscribes "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney." Id. § 1692e(3).  In order to carry out the FDCPA's purpose of protecting vulnerable debtors from abusive and misleading practices, courts are required to view attempts to collect "from the perspective of the 'least sophisticated consumer.'" Greco, 412 F.3d at 363 (quoting Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993)).  However, an unsophisticated consumer is still to be perceived as reasonable and is expected to read a collection notice with care.  Ellis v. Solomon & Solomon, PC, 591 F.3d 130, 135 (2d Cir. 2010).

        Plaintiff fails to identify any case law to support the theory that it is a violation of the FDCPA for an attorney to mail a dunning letter to a debtor in a state that the attorney is not licensed to practice law in.  The plain language of § 1692e(3) prohibits the false representation that an individual is an attorney.  Plaintiff does not dispute that defendant's law firm is comprised of actual attorneys licensed to practice law in states other than New York.  Therefore, defendant did not falsely represent its status as an attorney.

        While the Second Circuit has not addressed this exact issue, several district courts have considered similar arguments.  In a case where a Maryland law firm sent a dunning letter to a New Jersey consumer, the District Court of New Jersey granted the defendant's motion to dismiss and held that § 1692e(3) does not "limit the definition of 'attorney' based on the state of licensure and state of practice."  Cohen v. Wolpoff & Abramson, LLP, No. 08-1084, 2008 WL 4513569, at *7 (D.N.J. Oct. 2, 2008).  The Cohen court further noted that "not even the least sophisticated debtor could be deceived when a communication which states that it is from an attorney is, in fact, from an attorney."  Id.

- 4 -

Similarly, the District Court of Colorado found that there was no violation of § 1692e(3) when the entity that created and mailed the dunning letter was, in fact, an attorney.  Kelly v. Wolpoff & Abramson, LLP, 634 F. Supp. 2d 1202, 1212 (D. Colo. 2008).  The District Court of Delaware held that a defendant who mailed plaintiff a debt collection letter did not violate § 1692e(3) because he was an attorney licensed to practice law in California.  Anthes v. Transworld Sys., Inc., 765 F. Supp. 162, 166 (D. Del. 1991).

There is thus no support for plaintiff's assertion that defendant, an entity comprised of licensed attorneys, misrepresented itself as an attorney within the meaning of § 1692e(3).  Accordingly, defendant's motion to dismiss this claim will be granted.

### C. Cross-Motion to Amend the Complaint[2]

Plaintiff seeks leave to amend his complaint to add a claim that defendant violated § 1692e(5) of the FDCPA.  This proposed claim arises from the same conduct set forth in the original complaint—namely, the dunning letter that was mailed to this plaintiff by this defendant on May 5, 2010.  Leave to amend a complaint "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Leave is properly denied if, inter alia, the proposed amendment would be futile.  Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).  An amendment to a complaint is "futile" if the proposed claim would not withstand a motion to dismiss.  Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002).

---

[2] Plaintiff failed to attach a copy of the proposed amended complaint to his initial motion to amend as required by Rule 7.1(a)(4) of the Local Rules of the Northern District of New York.  Plaintiff finally attached a copy of the proposed amended complaint to his reply to defendant's opposition to amend.  Dkt. No. 17, Ex. A.  Plaintiff's request to amend will nonetheless be given proper consideration.  See Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules.").

### D. **Section 1692e(5) Claim**

Section 1692e(5) prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken."  15 U.S.C. § 1692e(5).  Naturally, when analyzing an alleged violation of this section, it must first be determined whether the defendant actually threatened to take action.  If so, it must then be determined whether the defendant could have legally taken such action.  Again, attempts to collect debts are viewed from the perspective of the "least sophisticated consumer" as defined above.

The threatened legal action considered by § 1692e(5) must be "authorized, likely and imminent."  Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62 (2d Cir. 1993).  The language of the communication, as a whole, must leave the unsophisticated reader with the impression that "*some* type of legal action has already been or is about to be initiated and can be averted from running its course only by payment."  Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989); see Gervais v. Riddle & Assocs., PC, 479 F. Supp. 2d 270, 274 (D. Conn. 2007) ("Consistent with this focus on 'imminence,' some courts have held that even where communications specifically refer to legal action, a threat does not exist where the references are couched in terms of mere possibility.").

Several courts have held that a letter written on a law firm's letterhead is insufficient, on its own, to imply that litigation is imminent.  See, e.g., Kapeluschnik v. Leschack & Grodensky, PC, No. 96-CV-2399, 1999 WL 33973360, at *6–7 (E.D.N.Y. Aug. 26, 1999) (the assertion that any dunning letter from an attorney is an implied threat of litigation is "not viable"); Veillard v. Mednick, 24 F. Supp. 2d 863, 867 (N.D. Ill. 1998) ("[T]he mere inference that legal action could be taken because the letter is on law firm letterhead is not enough for § 1692e(5) purposes."); Sturdevant v. Jolas, 942 F. Supp. 426, 430 (W.D.

Wis. 1996) (the contention that every dunning letter from an attorney implies imminent legal action is "frivolous").[3]  These cases persuasively point out that to hold otherwise would make any debt collection letter ever sent by an attorney an implied threat for purposes for § 1692e(5).

A letter that merely advises that the creditor has various options to pursue if the debtor fails to make payment does not constitute a threat.  Ellis v. Cohen & Slamowitz, LLP, 701 F. Supp. 2d 215, 221 (N.D.N.Y. 2010) (Sharpe, J.).  Conversely, an outright threat of litigation or implication that litigation is inevitable constitutes a threat.  See Sluys v. Hand, 831 F. Supp 321, 324, 327 (S.D.N.Y. 1993) (letter stating "I will expect to receive a check from you within the next seventy-two hours so that legal action does not have to be instituted against you" amounted to a threat).

The letter at issue here was indeed printed on letterhead that included the phrase "*Attorneys at Law*" across the top.  Dkt. No. 17, Ex. A.  Aside from the legal letterhead, plaintiff claims that the use of "represents", "client", and "additional remedies" constitutes a threat of imminent legal action.  In addition to the notifications mandated by the FDCPA, defendant's letter included the following:

> Please be advised that this law firm represents [the creditor] in its effort to collect your delinquent debt as shown above.  Please contact our office to make arrangements to pay the unpaid balance.
> . . .
> At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.  However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.

---

[3] The Sturdevant court also deemed "frivolous" the assertion that defendant could not legally bring an action to collect the debt because he was not licensed to practice in the debtor's state.  Sturdevant, 942 F. Supp. at 430 (noting that defendant could have retained local counsel to pursue an action).

Id.  When viewed as a whole, even the least sophisticated consumer would not reasonably interpret this language as a threat of imminent litigation.  There is no mention of "litigation", "lawsuit", "court", or other like terms associated with legal action.  This letter cannot be said to imply that legal action has already been or is about to be initiated.

Moreover, there is nothing to suggest that any threatened legal action perceived by plaintiff could not have been taken.  While Nichols properly points out that no attorney in defendant's firm was licensed to practice law in New York, it is entirely possible that one of the "additional remedies" defendant's client may consider is to retain a New York attorney.

Plaintiff's claim that defendant's dunning letter violated § 1692e(5) would not withstand a motion to dismiss.  Therefore, plaintiff's request for leave to amend his complaint will be denied as futile.

## IV.  CONCLUSION

Nichols has failed to support his assertion that defendant misrepresented itself as an attorney within the meaning of § 1692e(3).  Moreover, granting leave to allow plaintiff to file an amended complaint to assert a claim under § 1692e(5) would be futile as the proposed amendment would likewise not withstand a motion to dismiss.

Accordingly, it is

ORDERED that

1.  Defendant's motion to dismiss the complaint is GRANTED;

2.  Plaintiff's cross-motion to amend the complaint is DENIED; and

3.  The complaint is DISMISSED in its entirety.

The Clerk of the Court is directed to enter judgment accordingly.

IT IS SO ORDERED.

_____
United States District Judge

Dated:   January 12, 2011
         Utica, New York.